UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: |
| v | : | 3:00 CR 227 (SRU) |
| HECTOR GONZALEZ | : | NOVEMBER 1, 2005 |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S RESENTENCING

The defendant seeks to provide further legal authority to the Court as to the issue of whether the enhancement of his base offense level by the inclusion of the crack cocaine conspiracy alleged in Count 13 of the indictment as relevant conduct constituted a violation of his plea agreement with the government.

**Additional Argument:**[1]

In general, plea agreements are subject to ordinary contract law principles, except that any ambiguity is resolved "strictly against the Government." See United States v. Ready, 82 F.3d 551, 559 (2d Cir. 1996)

To determine whether a plea agreement has been breached, a court must look to "what the parties reasonably understood to be the terms of the agreement." United States v. Miller, 993 F.2d 16, 20 (2d Cir. 1993). A sentence imposed pursuant to a plea agreement "must follow the reasonable understandings and expectations of the defendant with respect to the bargained-for sentence." United States v. Ferrara, 954 F. 2d 103, 105 (2d Cir. 1992). Furthermore, the government must adhere not only to the

---

[1] The argument against this enhancement is taken, almost verbatim, from the argument of Attorney Laurie S. Hershey. Esq., the attorney for the defendant in his appeal from his sentence to the United State's Court of Appeals for the Second Circuit

-1-

letter of the plea agreement, but also to its spirit. See, United States v. Palladin, 347 F. 3d,30 (2d Cir. 2003)

Moreover, "because plea bargaining requires defendants to waive fundamental constitutional rights, this Court has held prosecutors engaging in plea bargaining to the most meticulous standards of both promise and performance." United States v. Lawlor, 168 F. 3d 663,336 (2d Cir. 1999), citing United States v. Velez Carrero, 77 F. 3d 11, (1st Cir. 1996) (internal quotation marks omitted). Where a plea agreement is ambiguous as to whether the Government can justifiably pursue an enhancement, it has consistently been held that any such ambiguity must be construed against the Government. See, United States v. Riera, 298 F.3d 128, 133 (2d Cir. 2002); United States v. Ready, 82 F.3d 551, 558-59 (2d Cir. 1996).

Here, in seeking an enhancement for the crack cocaine conspiracy as "relevant conduct," the government violated both the spirit and the letter of the plea agreement. A centerpiece of the agreement was that in exchange for the defendant's plea to count 12, the government would dismiss count 13 charging the crack cocaine conspiracy. Furthermore, the government would agree to credit for time served on the New York indictment which charged an aspect of the crack cocaine conspiracy. Indeed, the plea agreement referred to the New York case as "relevant offense conduct for the offenses to which he is pleading guilty.

It therefore eviscerated the plea bargain to punish the defendant, under the rubric of "relevant conduct", for the same conduct which formed the basis of the count that the government agreed to dismiss in exchange for the guilty plea. Otherwise put, the prosecution gave with one hand while it took away with the other. If the defendant

was going to be punished for the crack cocaine conspiracy s "relevant conduct", what value was there for him in having count 13 dismissed?

It was certainly the reasonable understanding of the defendant that the plea agreement offered the defendant protection from punishment for count 13 of the indictment and for the related conduct that led to the New York conviction because this formed the very quid pro quo of the contract. Yet, the sentence in this case did not "follow the reasonable understandings and expectations of the defendant with respect to the bargained-for sentence." Ferrara, 954 F.2d at 105.

Generally, "the remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement." United States v. Brody, 808 F. 2d 944, 947 (2d Cir. 1986). In this case, the defendant does not seek to withdraw his guilty plea but does seek specific performance of the plea agreement- - i.e. that the Court sentence him in conformity with the plea agreement by not enhancing his offense level for the crack cocaine conspiracy.

Respectfully submitted,
HECTOR GONZALEZ

By: *Donald Dakers*

Donald Dakers
His Attorney
Ct 13257
18 Pepperidge Lane
Madison, CT 06443
(Tel) (203) 946-4811
(Fax) (203) 498-1238

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing memorandum was mailed this 1st day of November, 2005, to Alex V. Hernandez, A.U.S.A., United States Attorney's Office, Federal Building and U.S. Courthouse, 915 Lafayette Blvd. Rm #309, Bridgeport, CT 06604, and Alina P. Marquez, A.U.S.A., United States Attorney's Office, Federal Building and U.S. Courthouse, 915 Lafayette Blvd. Rm #309, Bridgeport, CT 06604.

Donald D. Dakers