UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR227(SRU) |
| | : | |
| HECTOR GONZALEZ, a.k.a. "Junebug" | : | December 15, 2005 |

**GOVERNMENT'S POST-BOOKER MEMORANDUM**

On August 16, 2005, the Court of Appeals for the Second Circuit entered an order granting a limited remand for defendant Hector Gonzalez for resentencing in conformity with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The district court has requested that the parties to submit memoranda regarding whether the court should resentence the defendant. As set forth below, the government respectfully submits that at this time a full-blown resentencing hearing pursuant to *Crosby* is premature. Instead, the government urges the court to hold an evidentiary hearing to resolve the factual issues raised by the defendant.

*The Defendant's Claims*

On October 26, 2005, the defendant filed a "Memorandum of Law in Support of the Defendant's Resentencing" ("Memo"). The substance of the defendant's memorandum is two-fold. First, he claims that the Bureau of Prisons ("BOP") has failed to award him any credit for the undischarged term of imprisonment he received for his New York conviction. Second, he claims that the district court violated the defendant's Sixth Amendment right to trial and proof beyond a reasonable doubt as to the various Guidelines sentencing enhancements he received at the time of sentencing. By way of a Supplemental Memorandum dated November 1, 2005, the defendant adopts the arguments set forth in his brief filed with the Court of Appeals on direct

appeal. In substance, he claims that the government violated the terms of the plea agreement – which called for the government to move to dismiss another count of the indictment at the time of sentencing – when the government urged the district court to consider the facts surrounding his New York arrest and conviction as relevant offense conduct.

### *The Alleged Breach of the Plea Agreement*

The defendant's argument that the government breached the terms of the plea agreement is, at best, specious. The defendant did receive specific performance of the plea agreement when the government moved to dismiss the crack cocaine conspiracy charge. Moreover, the cocaine trafficking charge arising out of his New York arrest was distinct from either or both of the narcotics trafficking charges in the Connecticut indictment. *United States v. Estrada*, 320 F.3d 173 (2d Cir. 2003). Thus, dismissing the Connecticut crack cocaine conspiracy charge is not inconsistent with using the New York powder cocaine offense as relevant offense conduct. Further, as set forth on pages 2 and 3 of the plea agreement letter, and as conceded by the defendant in his Supplemental Memo, p. 2, the parties intended that the facts surrounding the New York arrest and conviction be considered as relevant offense conduct when calculating the defendant's Guidelines Base Offense Level pursuant to Section 2D1.1.

Moreover, inasmuch as "the defendant does not seek to withdraw his guilty plea but does seek specific performance of the plea agreement – *i.e.* that the Court sentence him in conformity with the plea agreement by not enhancing his offense level for the crack cocaine conspiracy" (Supplemental Memo, p. 3) the government respectfully submits that the defendant's motion is premature. Unless and until the district court determines that resentencing is appropriate, there is no need to address this application.

*The Bureau of Prison's Method of Sentence Calculation*

Based upon information and belief – the substance of which is familiarity with the manner in which the BOP calculates prisoner's release dates – the BOP grants credit for other terms of imprisonment as the defendant approaches his presumptive release date, not at the beginning of the term of imprisonment.  As set forth, below, however, the answer to this question is fundamental to carry-out the intention of the parties and of the district court when it imposed sentence.  Thus, further inquiry is merited.

Here, it was the express intention of the parties that the defendant's guidelines offense level for the offense of conviction be calculated by counting the New York conduct as relevant offense conduct.  It was also the intention of the parties that he should not be punished twice for the same circumstances arising from the New York incident.  Consequently the plea agreement provides in relevant part as follows,

> The parties agree that the defendant is presently serving a term of imprisonment for a portion of his criminal responsibility in this case, and that the defendant should receive a downward adjustment to the length of the term of imprisonment for the instant offense of conviction equal to, but not greater than, the length of imprisonment which he is presently serving in order to reflect the fact that he is presently serving a term of imprisonment for a portion of his criminal responsibility in this case.  Thus, if the district court imposes a consecutive term of imprisonment for the present indictment, the final, adjusted imprisonment range Mr. Gonzalez receives in the present case should be reduced by 87 months, the sentence he is now serving.  In the alternative, if the district court imposes a term of imprisonment which is ordered to run concurrent to the undischarged term of imprisonment, the district court should adjust the defendant's term of imprisonment so that the total effective sentence for the prior and present two offenses does not exceed the total guidelines imprisonment range for the instant offense of conviction.

Plea Agreement Letter, pp. 2-3.

Because this term of the plea agreement letter was central to the agreement of the parties and the manner in which the court fashioned its sentence, and because the defendant is presently claiming that he is being deprived of the benefit of that agreement, it is imperative to establish whether and how the BOP intends to calculate and/or assess credit for the New York conviction. The government, therefore, proposes that the United States Probation Office and the United States Attorney's Office, in consultation with counsel for the defendant, determine how, if at all, the BOP intends to credit the defendant for the New York term of imprisonment. The parties can report their findings to the district court. In the event that the parties receive reasonable assurances from the BOP and there are no issues in dispute, there may be no need to alter the sentence of the district court. If, however, there are material issues of fact which need to be resolved, the district court may order a hearing to address and resolve them. (In the government's view, the defendant's presence is not required for this proposed initial factual hearing or oral argument. *See*, *Crosby*, 120, "the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the Defendant.") In the event that the BOP will not be able to credit the defendant's term of imprisonment as contemplated by the court and the parties, a resentencing in which the district court re-imposes sentence in a manner which gives effect to the intention of the parties would be wholly appropriate.

*A Crosby Resentencing Is Not Warranted*

However, to the extent that the defendant is urging the district court to resentence pursuant to *Crosby* and modify, that is reduce, the total effective sentence imposed by the court, the government objects. Here the district court afforded the defendant consideration at the time of sentencing and imposed a sentence which varied substantially from the Guidelines

imprisonment range urged by the government and determined by the PSR. The the district court, therefore, has already imposed a sentence which – although it was imposed under the mandatory Guidelines regime – nevertheless reflected the concerns of the sentencing court that its sentence should be carefully tailored to the defendant's particular circumstances. Thus, the government is opposed to the court's proceeding with a *Crosby* resentencing, and respectfully urges the court to adhere to the sentence originally imposed.

***The Defendant is Urging the District Court to Commit Error***

Finally, the defendant's claim that the sentencing procedure employed by the district court violates the Sixth Amendment is without merit. The defendant asserts that the government is required to charge in an indictment and prove beyond a reasonable doubt any sentencing factors relied upon by the court to determine the defendant's Guidelines imprisonment range, other than those factors which are expressly admitted to by the defendant. In essence, therefore, he is suggesting that if the district court were to resentence the defendant pursuant to *Crosby* the sentencing court would be permitted only to consider those facts admitted to by the defendant at the time of his guilty plea and which were charged in the indictment. The defendant is urging the court to commit reversible error.

Presumably the defendant is also asserting that the district court may not find a Guidelines imprisonment range of higher than 32 because the indictment charged and the defendant admitted that the offense of conviction involved 1,000 grams or more of heroin. Similarly, counsel argues that the sentencing court may not enhance the defendant's base offense level for any relevant offense characteristics (*i.e.* use of a firearm, use of a minor, leadership).

5

Although the defendant does not offer any authority in support of his argument, he is relying upon the principles set forth in *United States v. Cordoba-Murgas*, 422 F.3d 65 (2d Cir. 2005), and *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005). These cases, however, do not support the defendant's argument.

Both *Cordoba-Murgas* and *Gonzalez* deal with calculating the statutory minimum and maximum sentences, not to the method for calculating a defendant's advisory guidelines range. *Cordoba-Murgas* holds that the narcotics quantity is an element of the offense of conviction and may not be waived by the defendant during a guilty plea. Thus, in the absence of a charging instrument which includes the amount of narcotics involved in the offense of conviction, the statutory maximum would be limited to 20 years pursuant to 21 U.S.C. § 841(B)(1)(c). *Cordoba-Murgas* does not limit the sentencing court's traditional authority to make findings of fact which implicate different Guidelines adjustments within the statutory range. The same is true of *Gonzalez* which holds that in order for a defendant to be exposed to a higher statutory maximum term of imprisonment, he must admit that amount at the time of his guilty plea.

In the present case, the defendant's indictment contained the requisite allegation of drug quantity, and therefore there has been no violation of *Cordoba-Murgas*. Moreover, the defendant specifically admitted that the offense of conviction involved the quantity at issue, and there is accordingly no violation of *Gonzalez*. In short, under those two cases, this Court was authorized -- and obliged -- to sentence the defendant to not less than the statutory minimum term of imprisonment.

Moreover, neither *Cordoba-Murgas* nor *Gonzalez* speaks to any limitation on how the district court must calculate the defendant's guidelines sentencing range. In *Crosby*, however,

the Court of Appeals provided guidance on precisely that issue. There the Court held that it would be error for a district court at the time of a *Crosby* resentencing to impose a sentence based solely upon facts proven beyond a reasonable doubt (or admitted by the defendant) and to decline to make base offense level and enhancement findings based on judicial fact-finding by a preponderance of the evidence, pursuant to the Guidelines. *Crosby*, at 115.

## CONCLUSION

The district court should consider holding an evidentiary hearing in connection with the defendant's claim that the BOP has not been giving him credit for the New York conviction and sentence. That hearing may be held in the absence of the defendant. The government opposes a *Crosby* resentencing. If the district court wishes to proceed with the defendant present, the undersigned require notice of approximately 2 to 3 weeks to secure his appearance.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345
915 LAFAYETTE BLVD. ROOM 309
BRIDGEPORT, CT 06604
(203) 696-3000
Fed. Bar Number: CT08345


ALINA P. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

_____This is to certify that on December 15, 2005, a copy of the foregoing was mailed, postage prepaid, to the following:

Donald Dakers, Esq.
18 Pepperidge Lane
Madison, CT 06443

Alex Hernandez