UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HECTOR GONZALEZ | Case No.<br>03:00cr227 (SRU) |

**CONFERENCE MEMORANDUM**

On January 25, 2006, I held a phone conference on the record with Alex Hernandez, representing the government, and Don Dakers, representing the defendant. The purpose of the conference was to discuss the pending *Crosby* remand. I explained that I had read the parties' submissions, the pre-sentence report, and transcripts from the change of plea and sentencing. I then indicated that I had reached three tentative conclusions.

First, the Sixth Amendment issue was adequately waived during the plea colloquy. I cited pages 13-14 of the transcript from the change of plea.

Second, with respect to the defendant's contention that there has been a violation of the plea agreement because government agreed to dismiss the crack cocaine charge, I noted that there was no effect on the defendant's sentencing because of any crack cocaine. Although the pre-sentence report erroneously referred to crack cocaine when determining the base offense level of 38, that was the correct base offense level because the conspiracy involved thirty or more kilograms of heroin.

Third, I have decided that I would not have sentenced Gonzalez to a non-trivially different sentence had the Sentencing Guidelines been advisory. I am concerned, however, about the failure by the Bureau of Prisons to credit the time served in the defendant's Eastern District of New York case against the sentence I imposed. That issue can be addressed by my reducing

the sentence in this case. I originally sentenced the defendant to 396 months and ordered that he receive credit for the 87 months he is serving on the Eastern District charge. Because those months have not been credited, however, the simplest solution will be for me to re-sentence the defendant to 309 months to run consecutively to the Eastern District sentence. The effective sentence will then be what I had originally intended. Hernandez indicated that he understood at the initial sentencing that the defendant would get credit for the Eastern District sentence and not be tagged twice for the same conduct.

Dakers expressed the defendant's concern that Gonzalez should receive several months' credit based on his self-surrender date. I explained that the credit sought would be an issue only for the Eastern District sentence, and that the sentence in this case would start after the end of that term of imprisonment.

The parties will confer with one another and contact my judicial assistant, Barbara Sbalbi, regarding the scheduling of the defendant's re-sentencing.

Dated at Bridgeport, Connecticut, this 26th day of January 2006.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge